**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CR560-DJS |
| | ) | |
| SCOTT PAUL RICHMOND, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is defendant Scott Paul Richmond's motion for reconsideration of the order of detention [Doc. #21], in which defendant asks that the Court reconsider the order of detention issued by Magistrate Judge David Noce and grant defendant's request to release him onto bond. Defendant also requests a hearing on the matter. The government has filed a memorandum in opposition to defendant's motion.

A defendant detained by a magistrate judge may seek review before the district court pursuant to 18 U.S.C. §3145(b). See 18 U.S.C. §3145(b) ("If a person is ordered detained by a magistrate judge...the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."); United States v. Foote, 898 F.2d 659, 664 (8th Cir. 1990). The district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings. See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The district court, in its discretion, may incorporate the record of the detention hearing conducted by

the magistrate judge, and may conduct evidentiary hearings if "necessary or desirable." United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990).

Defendant is currently awaiting trial for one count of mail fraud. Accordingly, the Bail Reform Act places upon the government a substantial burden to show that a court should sustain its motion for detention.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will reasonably assure the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

The Court has reviewed defendant's motion, the government's response, and two pretrial services reports regarding this defendant (the first dated April 9, 2009, and the second dated September 2, 2009), and has listened to a recording of the detention hearing that occurred before the magistrate judge on September 3, 2009. The Court finds that another hearing in this matter is not necessary, and will deny defendant's request for a hearing.

The Court has conducted a de novo review of this matter, and will affirm the magistrate judge's detention order. The Court specifically notes the following: defendant's substantial criminal

history and legal troubles, including the several protections orders that have been filed against defendant and allegations of defrauding family members; the violations defendant has incurred while previously on bond; and that defendant's connections to this community are not pervasively strong enough to convince the Court he is not a flight risk.  Accordingly, this Court finds that, by clear and convincing evidence, the release of defendant upon his own recognizance, an unsecured appearance bond, or any condition of release will not reasonably protect the community from further criminal offenses by him and will not reasonably assure that he will appear in court when required.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Scott Paul Richmond's motion for reconsideration of the order of detention [Doc. #21] is denied in all respects.

Dated this __1st__ day of October, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE